UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICKY DOUGLAS HAYNES, JR.,

Petitioner,

v.

CASE NO. 6:09-cv-1157-Orl-28GJK
(6:07-cr-54-Orl-28GJK &
6:07-cr-73-Orl-28KRS)

UNITED STATES OF AMERICA,

Respondent.

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Ricky Douglas Haynes, Jr. (Doc. No. 1). The Government filed a response to the section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts* (Doc. No. 12). Petitioner filed a reply (Doc. No. 13).[1] The Government also filed a supplemental response in accordance with this Court's instructions (Doc. No. 21), and Petitioner filed a supplemental reply (Doc. No. 23).

Petitioner alleges seven claims for relief: (1) trial counsel was ineffective for incorrectly advising him about the sentences he could receive if he went to trial or entered a guilty plea; (2) trial counsel was ineffective for failing to object to or appeal the fact that

---

[1]The Court notes that Petitioner filed a second reply at docket entry 15, however, this reply is a duplicate to the reply filed at docket entry 13. Petitioner has also filed numerous supplements and memoranda of law (Doc. Nos. 2, 3, 4, 6, 8, 10, 16, 17, 19 & 26).

his sentence violates 18 U.S.C. § 924(c); (3) his 322-month sentence exceeds the maximum permitted by statute following *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008); (4) section 841 is unconstitutional and violates the Equal Protection Clause and trial counsel was ineffective for failing to argue this at sentencing; (5) trial counsel was ineffective for failing to file an appeal and appellate counsel was ineffective for filing an *Anders*[2] brief on direct appeal; (6) trial counsel failed to object to the Court's improper enhancement of his sentence by finding more than 14 grams of cocaine at the sentencing hearing; and (7) he is actually innocent of his career offender status.

## I. Procedural History

Petitioner was indicted in case number 6:07-cr-54-Orl-28GJK on one count of possession with intent to distribute five grams or more of a mixture and substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), one count of using and carrying a firearm in relation to and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2) and (e)(1) (Criminal Case 6:07-cr-54-Orl-28GJK Doc. No. 1).[3] Petitioner then was indicted in case number 6:07-cr-73-Orl-28KRS on two counts of possession of five grams or more of a mixture and substance containing a detectable amount of crack cocaine, in violation of 21

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

[3] Hereinafter Criminal Case No. 6:07-cr-54-Orl-28GJK will be referred to as "Criminal Case 6:07-cr-54."

2

U.S.C. § 841(a)(1) and (b)(1)(B) (Criminal Case No. 6:07-cr-73-Orl-28KRS).[4] The Government filed an information in both cases seeking enhancement of Petitioner's sentences as a career offender upon conviction (Criminal Case 6:07-cr-54, Doc. No. 26; Criminal Case 6:07-cr-73, Doc. No. 17).

On June 25, 2007, Petitioner entered into guilty pleas in both cases, with no plea agreement from the Government (Criminal Case 6:07-cr-54, Doc. No. 42; Criminal Case 6:07-cr-73, Doc. No. 44). On September 10, 2007, the Court accepted the guilty pleas and held a sentencing hearing (Criminal Case 6:07-cr-54, Doc. No. 56; Criminal Case 6:07-cr-73, Doc. No. 43). The Court sentenced Petitioner in case number 6:07-cr-54-Orl-54-Orl-28GJK as a career offender to three concurrent terms of 322 months in prison (Criminal Case 6:07-cr-54, Doc. No. 57). Additionally, in case number 6:07-cr-73-Orl-28KRS, the Court sentenced Petitioner as a career offender to two concurrent terms of 322 months in prison (Criminal Case 6:07-cr-73, Doc. No. 36). Petitioner appealed in both cases, and the Eleventh Circuit Court of Appeals *per curiam* affirmed his convictions and sentences (Criminal Case 6:07-cr-54, Doc. No. 84; Criminal Case 6:07-cr-73, Doc. No. 67).

## II.   *Legal Standard*

The Supreme Court of the United States, in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether

---

[4]Hereinafter Criminal Case No. 6:07-cr-73-Orl-28KRS will be referred to as "Criminal Case 6:07-cr-73."

counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the

4

ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III. Analysis

### A. Ground One

Petitioner claims that trial counsel was ineffective for incorrectly advising him about the sentences he could receive if he went to trial or entered a guilty plea (Doc. No. 1 at 4). Petitioner alleges that trial counsel told him that he faced a fifteen-year sentence if he entered a plea and that if he went to trial, he could receive a mandatory term of life imprisonment. *Id.* Petitioner contends that had he known that he was not facing a mandatory life term he would have proceeded to trial instead of entering a plea. *Id.*

Petitioner's claim is refuted by the record. At the plea hearing, prior to Petitioner's entry of his plea defense counsel noted that Petitioner was facing up to life imprisonment in the instant case (Criminal Case 6:07-cr-73, Doc. No. 44 at 5). Defense counsel did not state that Petitioner was facing a mandatory life sentence. *Id.* at 5-6. Petitioner then agreed to plead guilty in both cases with no agreement from the Government other than a three-level reduction for acceptance of responsibility. *Id.* at 14. The Court advised Petitioner that with respect to count one of case 6:07-cr-54 he faced a mandatory minimum sentence of ten years imprisonment and a maximum sentence of life imprisonment. *Id.* at 16-17. With respect to count two of case 6:07-cr-54, the Court advised Petitioner that he faced a mandatory minimum sentence of five years and a maximum sentence of life imprisonment. *Id.* at 18. The Court also advised Petitioner that regarding count three of case 6:07-cr-54,

he faced a minimum sentence of fifteen years imprisonment and a maximum sentence of life imprisonment. *Id.* at 19. The minimum and maximum sentences for both counts in case 6:07-cr-73 were the same as count one in case 6:07-cr-54. *Id.* at 16, 28.

Defense counsel also stated that he had counseled Petitioner regarding the minimum and maximum sentences he faced. *Id.* at 28. Petitioner stated that he understood the penalties that he could face and that these were estimates of what the penalties could be. *Id.* Petitioner also stated that no one had made him any promises as to what the outcome would be, nor had anyone pressured him to enter a guilty plea. *Id.* at 29. At no point did defense counsel, the Government, or the Court state that Petitioner faced a mandatory life sentence on any of the charges. Furthermore, Petitioner did not tell the Court that he was advised that he would be sentenced to a mandatory life sentence on any of the charges. Instead, Petitioner told the Court he understood the potential sentences he faced. Petitioner's representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Petitioner has not sufficiently demonstrated that this Court should overlook his sworn statements made at sentencing. Additionally, to the extent Petitioner contends that his plea was involuntary, the Court finds that Petitioner's representations during the plea colloquy directly refute his assertion. Petitioner has not demonstrated that trial counsel acted deficiently and misled him with respect to the sentence he could receive. Accordingly, ground one is denied.

6

B.  *Ground Two*

Petitioner claims that trial counsel rendered ineffective assistance for failing to object to or appeal the fact that his sentence for count two of case 6:07-cr-54, using and carrying a firearm in relation to and in furtherance of a drug trafficking crime, violates the "except" clause outline in § 924(c) (Doc. No. 1 at 5). Petitioner contends that he was sentenced to a fifteen-year minimum mandatory for count three of case 6:07-cr-54 pursuant to § 924(e), and thus, his consecutive five-year sentence for count two is in violation of the "except" clause. *Id.*

> Section 924(c)(1)(A) states in relevant part:
>
> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in additional to the punishment provided for such crime of violence or drug trafficking crime–
>
> (I) be sentenced to a term of imprisonment of not less than 5 years . . . .

18 U.S.C. § 924(c)(1)(A)(I). Section 924(c)(1)(D) goes on to state that notwithstanding any other provision of law, "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D)(ii). Read together, these subsections state that a person who is convicted of carrying or using a firearm in furtherance of a drug trafficking crime must be sentenced to five-year term of imprisonment that shall run consecutively to any other term of

7

imprisonment imposed for the drug trafficking crime or crime during which the firearm was use, carried, or possessed.

Petitioner cites to *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008) to support his claim that trial counsel should have objected to his sentence. In *Whitley*, the Second Circuit held that a consecutive sentence cannot be imposed pursuant to § 924(c) when a criminal defendant is subjected to a higher minimum sentence under another statute, such as § 924(e). However, the Eleventh Circuit has disagreed with the Second Circuit and has held that § 924(c) allows for a consecutive sentence even where a defendant is subject to a higher minimum mandatory sentence under another statute. *See United States v. Segarra*, 528 F.3d 1269, 1272 (11th Cir. 2009) ("Given the plain language of § 924(c), we do not interpret the 'except' clause to limit consecutive sentences imposed for § 924(c) offenses and the underlying drug crimes.") (citation omitted). Additionally, the Court notes that Petitioner was not sentenced to a fifteen-year term of imprisonment with a consecutive five-year term of imprisonment. Instead, Petitioner was sentenced to concurrent 322-month terms of imprisonment as a career offender. As such, Petitioner cannot demonstrate that trial counsel acted in a deficient manner or that any such deficiency resulted in prejudice. Accordingly, claim two is denied.

### C. Ground Three

Petitioner contends that his 322-month term of imprisonment for count three in case 6:07-cr-54, possession of a firearm by a convicted felon, exceeds the maximum permitted by statute pursuant to *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (Doc. No.

8

1 at 7). The Eleventh Circuit held in *Archer* that a prior conviction for carrying a concealed firearm is not a crime of violence for purposes of the Armed Career Criminal statute. *Id.* Petitioner states that he does not qualify as an armed career criminal and therefore his sentence for count three exceeds the statutory maximum (Doc. No. 2 at 14). The Government correctly notes that because Petitioner was not sentenced as an armed career criminal, Petitioner is not entitled to relief pursuant to *Archer*.

However, the Government concedes that Petitioner's sentence does exceed the maximum of term of imprisonment. The statutory maximum term of imprisonment for possession of a firearm by a convicted felon is ten years. *See* 18 U.S.C. § 924(a)(2) (whoever knowingly violates section 922(g) shall be imprisoned not more than 10 years); *Hunter v. United States*, Nos. 07-13701, 07-14422, 2011 WL 6379322, at *1 (11th Cir. Dec. 21, 2011); *United States v. Walker*, 426 F. App'x 763, 765 (11th Cir. 2011). Therefore, Petitioner's 322-month sentence exceeds the statutory maximum for his conviction of possession of a firearm by a convicted felon and he must be resentenced. Accordingly, claim three is granted and Petitioner shall be resentenced on count three of case 6:07-cr-54.

### D. Ground Four

In his fourth claim Petitioner alleges that 18 U.S.C. § 841 is unconstitutional and violates the Equal Protection Clause (Doc. No. 1 at 8). Petitioner states that § 841 improperly treats crack cocaine differently than powder cocaine (Doc. No. 2 at 15). Petitioner also contends that trial counsel was ineffective for failing to raise this argument at sentencing. *Id.* Petitioner's claim fails because the Eleventh Circuit Court of Appeals has

consistently upheld the constitutionality of § 841, including "the former crack-to-powder ratio for sentencing purposes." *United States v. Coleman*, 416 F. App'x 41, 43 (11th Cir. 2011) (citing *United States v. Hanna*, 153 F. 3d 1286, 1288-89 (11th Cir. 1998) (sentencing disparity between crack and powder cocaine does not violate a defendant's substantive due process or equal protection rights); *United States v. Byse*, 28 F.3d 1165, 1168-70 (11th Cir. 1994); *United States v. Solomon*, 848 F.2d 156, 157 (11th Cir. 1988)). Because the Eleventh Circuit has found § 841 to be constitutional, counsel was not deficient for failing to raise this claim at sentencing. Such a claim would not have been meritorious, therefore, Petitioner cannot demonstrate prejudice. Accordingly, claim four is denied.

### E. Ground Five

Petitioner claims that trial counsel was ineffective for failing to file an appeal. Petitioner also argues that appellate counsel rendered ineffective assistance by filing an *Anders* brief instead of arguing several meritorious issues on appeal. In support of this claim, Petitioner alleges that appellate counsel should have challenged his career offender status, the constitutionality of § 841, the fact that his sentence for count two of case 6:07-cr-54 violates the "except" clause of § 942(c), and that the police violated his Fourth Amendment rights to be free from an illegal search and seizure (Doc. No. 13 at 5-6, 17).

It is well established that to prevail on an ineffective assistance of appellate counsel claim, a defendant must show (1) appellate counsel's performance was deficient and (2) but for counsel's deficient performance he would have prevailed on appeal. *Jones v. United States*, 357 F. App'x 253 (11th Cir. 2009) (citing *Shere v. Sec'y Fla. Dep't of Corr.*, 537 F.3d

1304, 1310 (11th Cir. 2008)); *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991) (noting the Eleventh Circuit has applied the Supreme Court of the United States' test for ineffective assistance of counsel at trial to guide its analysis of ineffective assistance of appellate counsel claims). A criminal defendant's appellate counsel is "not required to raise all nonfrivolous issues on appeal." *Payne v. United States*, 566 F.3d 1276, 1277 (11th Cir. 2009). If an omitted claim would have had a reasonable probability of success on appeal, the counsel's performance necessarily resulted in prejudice. *Joiner v. United States*, 103 F.3d 961, 962 (11th Cir. 1997) (citing *Heath*, 941 F.2d at 1132)).

First, the Court notes that Petitioner's claim that appellate counsel failed to challenge his career offender status on direct appeal is refuted by the record. Appellate counsel filed a supplemental brief on appeal addressing whether Petitioner's prior conviction for carrying a concealed firearm qualified as predicate conviction pursuant to armed career criminal or career offender sentencing (Doc. No. 21-4). Accordingly, because appellate counsel did attempt to challenge Petitioner's career offender sentence, Petitioner cannot demonstrate that appellate counsel acted in a deficient manner or that the outcome of the appeal was prejudiced. Additionally, the Court finds that Petitioner's claims that appellate counsel should have challenged the constitutionality of § 841 and should have argued that his sentence for count two of case 6:07-cr-54 violates the "except" clause of § 942(c) are not meritorious. The Court addressed these claims, *supra*, and found them to be without merit. Therefore, appellate counsel did not act deficiently in failing to raise these grounds on direct appeal.

11

Finally, Petitioner has not demonstrated that appellate counsel was ineffective for failing to argue on appeal that his Fourth Amendment rights to be free from an illegal search and seizure were violated. Traditionally, after a criminal defendant has entered a guilty plea, he may not raise claims relating to an alleged deprivation of constitutional rights occurring prior to the entry of the guilty plea, but may raise only jurisdictional issues or attack the voluntary and knowing character of his plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). This waiver extends to ineffective assistance claim that do not attack the voluntariness of the plea. *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992)

Petitioner's claim that appellate counsel should have challenged the lawfulness of the search and seizure that occurred in this case does not relate to the voluntariness of the plea, and as such, this claim was waived. Furthermore, Petitioner's plea was entered knowingly and voluntarily because Petitioner told the Court that he understood the charges against him, the maximum sentences he faced, and the rights he was giving up, such as the right to trial, the right to confront witnesses, and challenge the evidence (Criminal Case 6:07-cr-73, Doc. No. 44 at 16-21, 28-29). Petitioner told the Court that he was freely and voluntarily entering his pleas, that he had the opportunity to consult with counsel on several occasions, that no one had promised him anything in exchange for his pleas, and that no one had pressured him to enter a plea. *Id.* at 28-30. Petitioner also noted that he was not under the influence of any drugs or substances. *Id.* at 30. Petitioner's

representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge*, 431 U.S. at 73-74. Petitioner has not sufficiently demonstrated that this Court should overlook his sworn statements made at sentencing.

Additionally, to the extent Petitioner contends that his plea was involuntary, the Court finds that Petitioner's representations during the plea colloquy directly refute this assertion. Because Petitioner knowingly and voluntarily entered his pleas, Petitioner has waived his right to assert a challenge to any illegal search and seizure. *See Phillipe v. United States*, Nos. 10-61682-Civ-MORENO, 08-60220-Cr-MORENO, 2011 WL 1990492, at *11 (S.D. Fla. May 11, 2011) (finding the petitioner's challenge to an illegal search and seizure was waived by his voluntary guilty plea). As such, appellate counsel cannot be deemed deficient for failing to argue this ground on direct appeal because it did not have a reasonable probability of success. Accordingly, claim five is denied.

F. *Ground Six*

Petitioner claims that trial counsel was ineffective for failing to object to this Court's improper enhancement of his sentence by finding more than 14 grams of cocaine at the sentencing hearing (Doc. No. 8 at 2). Petitioner states that his sentenced was enhanced based on possession of more than 30 grams of crack cocaine when he only agreed that he possessed 14 grams. *Id.* Petitioner states that this enhancement rendered his plea unknowing, unintelligent, and involuntary. *Id.*

Petitioner has not demonstrated that he is entitled to relief on this claim because it

13

is refuted by the record. Defense counsel did object to Court's use of any amount of drugs over the 5 grams to enhance Petitioner's sentence (Criminal Case 6:07-cr-73 Doc. No. 43 at 8-9, 11-12). This Court overruled defense counsel's objections. *Id.* at 13. Accordingly, Petitioner has not demonstrate that trial counsel acted in a deficient manner. Moreover, the Court also finds that while the presentence investigation report may have found that the offense involved 72.55 grams of cocaine, Petitioner's offense level was not based on the amount of drugs he possessed but instead based upon his career offender status. The Court stated at sentencing that Petitioner's total offense level was 36, pursuant to U.S. Sentencing Guidelines Manual § 4B1.1(c)(2)(A). *Id.* at 14. Section 4B1.1 lists the offense levels and sentences for career offenders. As such, claim six is denied.

G. *Ground Seven*

In his final claim Petitioner alleges that he is actually innocent of his career offender status. Specifically, Petitioner states that his three prior convictions cannot be used to sentence him as a career offender because they are not qualifying convictions. Petitioner argues that his prior conviction for carrying a concealed firearm is not a crime of violence pursuant to *Archer*, 531 F.3d at 1352. Moreover, Petitioner asserts that his prior convictions of resisting arrest with violence and possession of cocaine are not crimes of violence.

The Court finds that Petitioner is not entitled to relief on this claim because he has procedurally defaulted the instant claim. "[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally

applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Petitioner could have raised his claim that he is actually innocent of his career offender status on direct appeal, therefore the instant claim is procedurally barred. *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (finding Petitioner's claim that he was erroneously sentenced as a career offender could have been raised on direct appeal).

However, a defendant can avoid this procedural bar by demonstrating the applicability of one of the two exceptions: (a) cause and prejudice for the failure to raise the claim on direct or (b) "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills*, 36 F.3d at 1055. Actual innocence means factual innocence and not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner claims pursuant to new case law, he no longer qualifies as a career offender. Petitioner cannot meet the actual innocence exception because his claim is one of legal innocence based on case law rather than factual innocence. *McKay*, 657 F.3d at 1198.

To the extent that Petitioner has asserted that cause and prejudice exists for his failure to raise this claim on direct appeal, Petitioner's claim fails. Petitioner alleges that appellate counsel was ineffective for failing to challenge his career offender status on direct appeal. However, as discussed *supra*, appellate counsel did argue on appeal that Petitioner's prior conviction for carrying a concealed firearm did not qualify as a predicate conviction under the Armed Career Criminal Act or pursuant to the career offender provisions of the United States Sentencing Guidelines. *See Archer*, 531 F.3d at 1352.

Notwithstanding this conclusion, appellate counsel correctly determined that Petitioner still qualified as a career offender. Petitioner's two other prior convictions, a Florida conviction for resisting an officer with violence and a federal conviction for possession of a controlled substance with intent to distribute, both qualify for career offender sentencing purposes. *See United States v. Rolon*, Nos. 11-10391, 11-10496, 2011 WL 5119527, at *13 (11th Cir. Oct. 28, 2011) (a Florida conviction for resisting an officer with violence constitutes a crime of violence under the career offender section of the United States Sentencing Guidelines) (citing *United States v. Nix*, 628 F.3d 1341 (11th Cir. 2010)); *United States v. Baptiste*, 436 F. App'x 964, 965 (11th Cir. 2011) (same); *United States v. Shannon*, 631 F.3d 1187, 1188-89 (11th Cir. 2011) (a conviction for possession of drugs with intent to distribute qualifies as a crime of violence for career offender sentencing).

Accordingly, Petitioner cannot demonstrate cause and prejudice to overcome the procedural default because appellate counsel did challenge Petitioner's career offender status on direct appeal. To the extent appellant counsel failed to argue that Petitioner was actually innocent of his career offender status because his convictions for resisting an officer with violence and possession of a controlled substance do not qualify as predicate convictions, appellate counsel's failure did not result in prejudice because there is not a reasonable probability that such a claim would have been successful on the merits. Consequently, Petitioner has not established cause and prejudice sufficient to overcome the procedural default of claim seven. As such, Petitioner is procedurally barred from raising this claim in the instant motion.

16

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **GRANTED** in part and **DENIED** in part. The sentence in case 6:07-cr-54-Orl-28GJK for Count Two is **VACATED**.

2. A new sentencing hearing will be held on **Friday, March 30, 2012** at 9:30 a.m., in Courtroom 6B of the George C. Young United States Courthouse and Federal Building on 401 W. Central Boulevard, Orlando, Florida 32801 with respect to Count Two of Criminal Case 6:07-cr-54-Orl-28GJK.

3. The United States Magistrate Judge is directed to appoint counsel on behalf of Petitioner.

4. The Clerk of Court is directed to enter Judgment and close the case.

5. The Clerk of Court is directed to file a copy of this Order in criminal case numbers 6:07-cr-54-Orl-28GJK and 6:07-cr-73-Orl-28KRS and to terminate the motions to vacate, set aside, or correct an illegal sentence (Criminal Case 6:07-cr-54, Doc. No. 89; Criminal Case 6:07-cr-73, Doc. No. 70) pending in those cases.

6. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[5] Accordingly, a certificate of appealability is **DENIED** in this case.

**DONE AND ORDERED** at Orlando, Florida, this 18 day of January, 2012.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 1/12
Ricky Douglas Haynes, Jr.
Counsel of Record

---

[5]Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court,* "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.